IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03478-BNB

ANDRES URIEL LUGO-GONZALEZ,

    Applicant,

v.

PEOPLE OF THE UNITED STATES,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Andres Uriel Lugo-Gonzalez, is an inmate at the Denver Van Cise-Simonet Detention Center in Denver, Colorado. Mr. Lugo-Gonzalez has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 14). Applicant also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 15). That motion will be granted.

    The court must construe the application liberally because Mr. Lugo-Gonzalez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lugo-Gonzalez will be ordered to file an amended application if he wishes to pursue any federal constitutional claims in this action.

    The court has reviewed the application and finds that it is deficient. First, the law

is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Applicant alleges that he currently is incarcerated at the Denver Van Cise-Simonet Detention Center.  Therefore, he should name as a Respondent his custodian at that facility.

The application also is deficient because Mr. Lugo-Gonzalez fails to provide a clear statement of the claims he is asserting.  Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although, Mr. Lugo-Gonzalez appears to challenge his detention and seeks a bail hearing, it is not clear why he believes he is entitled to habeas corpus relief in federal court because he fails to identify the specific federal constitutional right that allegedly has been violated.

Second, Applicant fails to provide specific factual allegations in support of the claims he is asserting that demonstrate his constitutional rights have been violated and that he is entitled to habeas corpus relief.  Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For these reasons, Mr. Lugo-Gonzalez must file an amended application that names a proper Respondent and that clarifies the claims he is asserting if he wishes to pursue those claims in this action.  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this

habeas corpus action pursuant to § 2241, Applicant must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of those claims.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).   Therefore, Mr. Lugo-Gonzalez must allege in the amended application both the § 2241 claims he seeks to raise and the specific facts to support each asserted claim.  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 15) is GRANTED.  It is

FURTHER ORDERED that the filings entitled "28 U.S.C. & 1915 Motion and Affidavit" (ECF Nos. 7 and 10) are DENIED as moot.  It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Lugo-Gonzalez file an amended application that clarifies the claims he is asserting in this action.  It is

FURTHER ORDERED that Mr. Lugo-Gonzalez shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the

applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Lugo-Gonzalez fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED January 29, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge