IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03478-BNB

ANDRES URIEL LUGO-GONZALEZ,

    Applicant,

v.

GARY WILSON, DENVER COUNTY SHERIFF,
UNITED STATES BUREAU OF IMMIGRATION AND CUSTOMS, and
DEPARTMENT OF HOMELAND SECURITY,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Andres Uriel Lugo-Gonzalez, currently is detained at the Denver Van Cise-Simonet Detention Center in Denver, Colorado. On February 25, 2014, Mr. Lugo-Gonzalez submitted *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 20). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

**I. Background**

    Applicant alleges that he is a native and citizen of Mexico who currently is detained at the Denver Van Cise-Simonet Detention Center pending the disposition of state criminal charges. (ECF No. 20 at 1-4). Applicant contends that after his arrest in April 2013, the United States Immigration and Customs Enforcement ("ICE") filed a detainer against him. (*Id.* at 2). He asserts that he "is able to make bond on his pending state charges, however, such action would be vain and futile" because he

would continue to be held in custody pursuant to the ICE detainer. (*Id.*). Applicant argues that his detention by Respondents pending the disposition of his state criminal charges violates his constitutional rights. (*Id.*). He requests that the Court order Respondents to provide Applicant with a bond hearing with respect to his ICE detainer. (*Id.*).

## II. Legal Discussion

Mr. Lugo-Gonalez is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Pro se status does not entitle Mr. Lugo-Gonzalez to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). After review of the Amended Application, the Court concludes that it lacks jurisdiction to hear the § 2241 Application.

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the Applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated

to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003). However, the fact that immigration officials have issued a detainer is not sufficient, by itself, to satisfy the custody requirement. *See Galaviz-Medina,* 27 F.3d 487, 493 (10th Cir. 1994). In *Galaviz-Medina,* the Tenth Circuit explained that a detainer, as distinguished from other ICE orders, does not put a "hold" on the noncitizen. *Id.* Rather, a detainer serves only as a notice to prison authorities that immigration authorities are going to be making a decision about the deportability of the noncitizen in the future. *Id.*; *see e.g., Liranzo v. United States*, 690 F.3d 78, 82 (2d Cir.2012) (noting that "ICE issued an immigration detainer to [jail] officials requesting that they release Liranzo only into ICE's custody" so that he could be removed from the United States)*; United States v. Uribe–Rios*, 558 F.3d 347, 350 n. 1 (4th Cir.2009) (defining detainers as a "request that another law enforcement agency temporarily detain an alien" to permit immigration officials to assume custody (citing 8 C.F.R. § 287.7)); *United States v. Female Juvenile, A.F.S.,* 377 F.3d 27, 35 (1st Cir.2004) (noting that a "detainer ... serves as a request that another law enforcement agency notify the INS before releasing an alien from detention" (citing 8 C.F.R. § 287.7(a))); *Giddings v. Chandler*, 979 F.2d 1104, 1105 n. 3 (5th Cir.1992) (describing the procedure under § 287.7 as "an informal [one] in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution").

In his Amended Application, Mr. Lubog-Gonzalez alleges that ICE has lodged a detainer against him. A detainer, however, is not sufficient, by itself, to satisfy the custody requirement. *See Galaviz-Medina,* 27 F.3d at 493. Mr. Lugo-Gonzalez does

not allege that he is subject to a final order of deportation.  Nor does he allege that immigration officials have taken any action with respect to his immigration status other than to issue a detainer.  Therefore, Mr. Lugo-Gonzalez is not in custody pursuant to the immigration detainer lodged against him; rather he is in the custody of the Denver Detention Center pending the disposition of state criminal charges.  Because Applicant is not "in custody" for purposes of § 2241, this Court lacks subject-matter jurisdiction to consider his claim against Respondents.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lugo-Gonzalez files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, for the foregoing reasons, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 20), filed by Andres Uriel Lugo-Gonzalez, is DISMISSED without prejudice for lack of jurisdiction.  It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied without prejudice to the filing of a motion seeking leave to proceed in forma pauperis on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  4th  day of    April         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court